**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Quentin R Tezak Irrevocable Living Trust April 11th 2014,<br><br>Plaintiff,<br><br>v.<br><br>JPMorgan Chase Bank, et al.,<br><br>Defendants. | No. CV-18-04118-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Defendant JP Morgan Chase Bank's ("Chase") Motion to Strike Amended Response to Motion to Dismiss or, in the Alternative, Motion for Leave to File Reply to Amended Response (Doc. 14) (hereinafter, "Motion"). The Court now rules on this Motion.

On October 24, 2018, Plaintiff Quentin R Tezak Irrevocable Living Trust ("Plaintiff") filed a quiet title action by and through Robert J. Tezak, its sole trustee, in the Superior Court of the State of Arizona in and for Maricopa County. (Doc. 1-3 at 3–13). Plaintiff's civil action names two Defendants: Chase, the lender, and Quality Loan, the loan servicer. (*Id.* at 3, 8). Chase received a copy of the Summons and Complaint for this civil action on or about October 31, 2018. (Doc. 1 ¶ 3).

Chase filed a Notice of Removal (Doc. 1) on November 19, 2018, stating that removal is proper under 28 U.SC. § 1332. (Doc. 1 ¶ 4). Chase claims that there is complete diversity between the parties because Plaintiff is a citizen of Arizona and Chase is a citizen of Ohio, but does not plead the citizenship of Defendant Quality Loan. (Doc. 1 ¶ 6).

On November 20, 2018, Chase filed a Motion to Dismiss (Doc. 7) for failure to state a claim under Fed. R. Civ. P. 12(b)(6). After the time for responding to this Motion to Dismiss had expired, the Court cautioned Plaintiff in an Order dated December 19, 2018 that if no response was filed by December 28, 2018, the Court would deem the failure to respond to be consent to the Motion to Dismiss being granted pursuant to LRCiv 7.2(i). (Doc. 10). On December 28, 2018, Plaintiff filed a one-page Response to the Motion to Dismiss (Doc. 11), stating only that: "[t]he signatures of Quentin and Betty Tezak are forged[.] [W]e can provide the actual signatures of Quentin and Betty Tezak." (Doc. 11 at 1). Thereafter, Plaintiff filed an Amended Response to Defendant's Motion to Dismiss (Doc. 13) (hereinafter, "Amended Response") on January 8, 2019.

On January 9, 2019, Chase filed a Reply in Support of its Motion to Dismiss (Doc. 12). Then, on January 16, 2019, Chase filed the Motion at issue (Doc. 14), asking that the Court strike Plaintiff's Amended Response pursuant to LRCiv 7.2(m)(1) because the filing is not authorized by statute, rule, or Court Order, and because Robert J. Tezak, trustee of Plaintiff Quentin R Tezak Irrevocable Living Trust, commits the unauthorized practice of law in representing Plaintiff in this Court.[1] (Doc. 14 at 1). Alternatively, Chase requests leave to file a Reply to Plaintiff's Amended Response to address the new arguments Plaintiff asserts in the Amended Response which were not previously raised in the Complaint or in Plaintiff's first Response to the Motion to Dismiss. (*Id.* at 2).

LRCiv 7.2(m)(1) provides that a party may move to strike "any part of a filing or submission on the ground that it is prohibited (or not authorized) by a statute, rule, or court order." The Court agrees with Chase that Plaintiff's Amended Response (Doc. 13) is an unauthorized filing, as neither the Federal Rules of Civil Procedure, this Court's local rules, or a Court Order permit Plaintiff's Amended Response. Moreover, there is no good cause for Plaintiff to file an Amended Response, as the Amended Response merely appears to be Plaintiff's attempt to fix the deficiencies in its original, one-page response. However, the

---

[1] The Court will defer consideration of Chase's argument that Robert J. Tezak commits the unauthorized practice of law in representing Plaintiff in this Court until it rules on Chase's Motion to Dismiss (Doc. 7).

decision to grant or deny a motion to strike is within the discretion of the trial court. *Sunburst Minerals, LLC v. Emerald Copper Corp.*, 300 F. Supp. 3d 1056, 1059 (D. Ariz. 2018). As Chase itself stated that the new allegations in Plaintiff's Amended Response "do not change the outcome," (Doc. 14 at 2), the Court will deny Chase's Motion (Doc. 14) to the extent it seeks to strike Plaintiff's Amended Response. Nevertheless, because Plaintiff's Amended Response asserts new allegations not previously raised in its Complaint or in its original response to the Motion to Dismiss, the Court grants Chase leave to file an amended reply in support of its Motion to Dismiss in order to address Plaintiff's new arguments.

Based on the foregoing,

**IT IS ORDERED** that to the extent Chase's Motion (Doc. 14) seeks to strike Plaintiff's Amended Response (Doc. 13), it is **DENIED**.

**IT IS FURTHER ORDERED** that to the extent Chase's Motion (Doc. 14) seeks leave to file a Reply to Plaintiff's Amended Response (Doc. 13) it is **GRANTED**.

**IT IS FURTHER ORDERED** that Chase file a Supplemental Notice of Removal which pleads the citizenship of Defendant Quality Loan by **January 25, 2019**.

**IT IS FINALLY ORDERED** that Plaintiff file a status report notifying the Court as to whether Defendant Quality Loan has been served by **January 25, 2019**.

Dated this 18th day of January, 2019.

James A. Teilborg
Senior United States District Judge