**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Quentin R Tezak Irrevocable Living Trust April 11th 2014,<br><br>Plaintiff,<br><br>v.<br><br>JPMorgan Chase Bank, et al.,<br><br>Defendants. | No. CV-18-04118-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Defendant JP Morgan Chase Bank's ("Chase") Motion to Dismiss (Doc. 7) pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332, 1441. The Court now rules on this Motion.

**I.     FACTUAL BACKGROUND**

On approximately August 29, 2007, Betty Tezak and Q. Robert Tezak ("Q. Tezak") obtained a loan for $300,000 from Chase. (Doc. 7-1 at 2). This loan was secured by a Deed of Trust dated August 29, 2007, which was recorded in the official records of Maricopa County, Arizona at Instrument No. 2007-1155926 as a lien against the property at 2340 S. Standage, Mesa, Arizona, 85202-6615 ("Property"). (Doc. 7-1 at 2–11 (copy of the Deed of Trust)).[1] On April 11, 2014, Q. Tezak quitclaimed the Property to the Quentin R. Tezak

---

[1] As discussed *infra*, "a court may take judicial notice of 'matters of public record.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (citation omitted); *see* Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."). The Deed of Trust, Quitclaim Deed, Notice of Trustee's Sale, and Trustee's Deed Upon Sale cited in this Order are publicly

1 Irrevocable Trust dated April 9, 2014 ("Trust"). (Doc. 7-1 at 13–14 (Quitclaim Deed)). This Quitclaim Deed was recorded in the official records of Maricopa County, Arizona at Instrument No. 2014-0437583. (*Id.*).

Although Q. Tezak passed away on February 23, 2015, (Doc. 7-1 at 16; *see* 2:18-bk-07636-EPB, Doc. 23-1 at 22), a Chapter 7 bankruptcy case was filed in Q. Tezak's name on June 28, 2018, (Doc. 7 at 2; *see* 2:18-bk-07636-EPB, Doc. 1). The Bankruptcy Court dismissed the bankruptcy action on July 6, 2018. (*Id.*; *see* 2:18-bk-07636-EPB, Doc. 1). On or about July 19, 2018, the trustee under the Deed of Trust, Quality Loan Service Corp. ("Quality Loan"), recorded a Notice of Trustee's Sale. (Doc. 7-1 at 18–20 (Instrument No. 2018-0552397)). Thereafter, on August 13, 2018, Chase moved to re-open the Bankruptcy action to seek *in rem* relief from the automatic stay so that Chase could proceed with enforcement efforts against the Property. (Doc. 7 at 3; *see* 2:18-bk-07636, Doc. 23).

After reinstating the Bankruptcy on September 17, 2018, (Doc. 7 at 3; *see* 2:18-bk-07636, Doc. 29), the Bankruptcy Court granted Chase *in rem* stay relief after finding that the filing of the Bankruptcy petition "was part of a scheme to delay, hinder, and defraud Chase in an attempt to prevent Chase from conducting a foreclosure of the real property located at 2340 South Standage, Mesa, Arizona, 85202[,]" (Doc. 7 at 3; *see* 2:18-bk-07636, Doc. 38 at 1). The Bankruptcy Court explicitly ordered that Chase could "enforce its valid legal rights and remedies with respect to the Property, including, without limitation, to conduct and complete a foreclosure sale of the Property." (Doc. 7 at 3; *see* 2:18-bk-07636,

---

recorded documents which are properly the subject of judicial notice. *See Griffin v. Green Tree Servicing, LLC*, 166 F. Supp. 3d 1030, 1040 (C.D. Cal. 2015) (taking judicial notice of documents concerning chain of title on mortgage, including deed of trust, assignments of deed of trust, notice of default, and notice of trustee's sale because documents were recorded in county recorder's office and were directly related to mortgagor's allegations and claims). Likewise, a court may take judicial notice of documents from related litigation, such as pleadings and memoranda. *See Mullis v. U.S. Bankr. Court for Dist. of Nevada*, 828 F.2d 1385, 1388 (9th Cir. 1987) (taking judicial notice of the pleadings, orders, and other papers on file in the underlying bankruptcy pursuant to Fed. R. Evid. 201) (citation omitted); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (taking judicial notice of several pleadings, memoranda and other filings from related litigation because the court "may take judicial notice of court filings and other matters of public record" since these documents "are readily verifiable and, therefore, the proper subject of judicial notice").

Doc. 38 at 2). On October 24, 2018, Quality Loan sold the Property at a trustee's sale to a third-party. (Docs. 7 at 3; 7-1 at 22–24 (Trustee's Deed Upon Sale, Instrument No. 2018-0827285)).

## II. PROCEDURAL BACKGROUND

On October 24, 2018, the same day that the trustee's sale was completed, Plaintiff Quentin R Tezak Irrevocable Living Trust ("Plaintiff") filed a quiet title action by and through Robert J. Tezak, its sole trustee, in Maricopa County Superior Court. (Doc. 1-3 at 3–13). Plaintiff's civil action names two Defendants: Chase, the lender, and Quality Loan, the trustee under the Deed of Trust. (*Id.* at 3, 8). Chase received a copy of the Summons and Complaint for this civil action on or about October 31, 2018. (Doc. 1 ¶ 3). There is no indication that Defendant Quality Loan has been served.[2] On November 19, 2018, Chase filed a Notice of Removal (Doc. 1), stating that removal is proper under 28 U.SC. § 1332. (Doc. 1 ¶ 4).[3]

---

[2] Plaintiff failed to comply with the Court's January 18, 2019 Order directing Plaintiff to file a status report notifying the Court as to whether Defendant Quality Loan has been served by January 25, 2019, (Doc. 15 at 3). In Chase's Supplemental Notice of Removal filed on January 25, 2019, Chase averred that counsel for Quality Loan informed Chase's counsel that Plaintiff had not served Quality Loan as of January 22, 2019. (Doc. 15 ¶¶ 4–5). On March 28, 2019—more than 60 days after the January 25, 2019 deadline set by the Court—Plaintiff filed a Status Report claiming that "Quality Loan has been served[,]" but admitting that Plaintiff sent a "package" via certified mail, return receipt requested, to the wrong address. (Doc. 18 at 2 ("Plaintiff was not aware until recently that *Quality Loan had changed their mailing address*. If Quality Loan disputes receiving the package we sent via registered mail, (*albeit, mailed to their old address*) we would find it difficult to believe. A large corporation like Quality Loan would surely have their mail forwarded to their new address and we have not received any returned mail from Quality Loan.")) (emphasis added). Plaintiff does not provide any proof of service. (*See* Doc. 18). Rather, Plaintiff merely provides a copy of a receipt from the U.S. Postal Service dated March 3, 2019 indicating that Plaintiff payed for something to be sent via certified mail, and a certified mail receipt dated March 8, 2019. (Doc. 18 at 4). However, neither the receipt indicating payment nor the certified mail receipt indicate who the package was allegedly sent to, or to what address the package was sent. (*Id.*). The only address information provided is "San Diego, CA 92108." (*Id.*). To date, Quality Loan has not appeared in this action.

[3] In its Notice of Removal, Chase wrote that there is complete diversity between the parties because Plaintiff is a citizen of Arizona and Chase is a citizen of Ohio, but did not plead the citizenship of Quality Loan. (Doc. 1 ¶ 6). However, Chase has since filed a Supplemental Notice of Removal which pleads that Quality Loan is a citizen of California because Quality Loan is "a business incorporated under the laws of California, whose principal place of business is in the State of California." (Doc. 17 ¶ 10). Accordingly, it appears to the Court that there is complete diversity of citizenship between the parties. As Chase also averred that the "amount in controversy exceeds $75,000 because Plaintiff

On November 20, 2018, Chase filed a Motion to Dismiss (Doc. 7) (hereinafter, "Motion") pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. After the time for responding to this Motion had expired, the Court cautioned Plaintiff in an Order dated December 19, 2018 that if no response was filed by December 28, 2018, the Court would deem the failure to respond to be consent to the Motion to Dismiss being granted pursuant to LRCiv 7.2(i). (Doc. 10). On December 28, 2018, Plaintiff filed a one-page Response to the Motion to Dismiss (Doc. 11), stating only that: "[t]he signatures of Quentin and Betty Tezak are forged[.] [W]e can provide the actual signatures of Quentin and Betty Tezak." (Doc. 11 at 1). Thereafter, Plaintiff filed an Amended Response to Defendant's Motion to Dismiss (Doc. 13) (hereinafter, "Amended Response") on January 8, 2019.

On January 9, 2019, Chase filed a Reply in Support of its Motion to Dismiss (Doc. 12). Then, on January 16, 2019, Chase filed a Motion to Strike Amended Response to Motion to Dismiss, or, in the Alternative, Motion for Leave to File Reply to Amended Response (Doc. 14). In an Order dated January 18, 2019, the Court denied Chase's Motion to Strike Plaintiff's Amended Response, but granted Chase leave to file a Reply to Plaintiff's Amended Response. (Doc. 15 at 3). Defendant filed its Reply to Plaintiff's Amended Response (Doc. 16) on January 25, 2019.

**III. LEGAL STANDARD**

Chase has moved to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. 7). Under Rule 12(b)(6), a motion to dismiss should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994) (citation omitted). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d

---

specifically pleads that he has suffered harm in excess of $350,000 related to alleged loss of the family home plus incidental damages," (Doc. 1 ¶ 5), it also appears to the Court that the amount in controversy requirement is met.

696, 699 (9th Cir. 1988) (citing *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533–34 (9th Cir. 1984)).

To survive a Rule 12(b)(6) motion to dismiss, a complaint must meet the requirements of Rule 8. Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant receives "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). To meet this standard, a complaint must contain sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility does not equal "probability," but requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

When analyzing a complaint for failure to state a claim, "[a]ll factual allegations made by the nonmoving party are taken as true and construed in the light most favorable to that party." *Iolab Corp. v. Seaboard Sur. Co.*, 15 F.3d 1500, 1504 (9th Cir. 1994) (citation omitted). However, a court need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986); *Iqbal*, 556 U.S. at 678 ("[T]he tenant that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recital of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

"Generally, the scope of review on a motion to dismiss for failure to state a claim is limited to the contents of the complaint." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (citing *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1141 n.5 (9th Cir. 2003)). If the Court considers evidence outside the pleadings, the Court must then convert

the Rule 12(b)(6) motion into a Rule 56 motion for summary judgment, and give the nonmoving party an opportunity to respond. Fed. R. Civ. P. 12(d); *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003). There are, however, two exceptions to this general rule. First, the court may consider "material which is properly submitted as part of the complaint on a motion to dismiss without converting the motion to dismiss into a motion for summary judgment." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (citation and internal quotations omitted). Even if the documents are not physically attached to the complaint, the court may treat the documents as "part of the complaint, and thus may assume that [their] contents are true for purposes of a motion to dismiss under Rule 12(b)(6)," *Marder*, 450 F.3d at 448 (quoting *Ritchie*, 342 F.3d at 908), if "the documents' authenticity . . . is not contested and the plaintiff's complaint necessarily relies on them[,]" *Lee*, 250 F.3d at 688 (citation and internal quotations omitted). "Second, under Fed. R. Evid. 201, a court may take judicial notice of 'matters of public record.'" *Id.* at 688–89 (citation omitted).

Finally, this Court has diversity jurisdiction under Section 1332. *See* 28 U.S.C. § 1332. A court sitting in diversity applies federal procedural law and state substantive law. *See Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). Accordingly, this Court will apply the substantive law of Arizona. *Med. Lab. Mgmt. Consultants v. Am. Broad. Cos., Inc.*, 306 F.3d 806, 812 (9th Cir. 2002).

**IV. ANALYSIS**

In its Complaint, Plaintiff alleges that the signatures of Q. Tezak and Betty Tezak on the Deed of Trust were forged and that the notary public who notarized these forged signatures was fraudulent. (Doc. 1-3 at 8). As a result, Plaintiff contends that he is entitled to "reimbursement of [the] full value of [the] home, plus all expenses incurred as a result" of the foreclosure of the Property. (*Id.* at 10). Plaintiff also demands that Chase deliver "a clear title and deed of trust without any liens" for the Property and "acknowledge the loan docs [sic] relied upon for foreclosure are forgeries." (*Id.* at 10).

Defendant moves to dismiss the Complaint (Doc. 1) with prejudice pursuant to

- 6 -

Rule 12(b)(6) because A.R.S. § 33-811(C) bars Plaintiff's assertion that the signatures on the Deed of Trust at issue were forged, because Plaintiff failed to plead forgery with particularity, and because Robert J. Tezak cannot, as a non-attorney, represent the trust in this action. (Doc. 7 at 1–2). For the reasons set forth below, the Court grants Defendant's Motion to Dismiss.

### A.     A.R.S. § 33-811(C) Bars Plaintiff's Foreclosure Challenge

Defendant argues that, pursuant to A.R.S. § 33-811(C), Plaintiff waived any claims concerning the prior Trustee's Sale by failing to enjoin the sale. (Doc. 7 at 4). A.R.S. § 33-811(C) provides, in relevant part:

> The trustor, its successors or assigns, and all persons to whom the trustee mails a notice of a sale under a trust deed pursuant to § 33-809 *shall waive all defenses and objections to the sale* not raised in an action that results in the issuance of a court order granting relief pursuant to rule 65, Arizona rules of civil procedure, entered before 5:00 p.m. mountain standard time on the last business day before the scheduled date of the sale.

A.R.S. § 33-811(C) (emphasis added). "Under this statute, a person who has defenses or objections to a properly noticed trustee's sale has one avenue for challenging the sale: filing for injunctive relief." *BT Capital, LLC v. TD Serv. Co. of Arizona*, 275 P.3d 598, 600 (Ariz. 2012).

Section 33-811(C) also applies to tort claims based on objections to the validity of the trustee's sale. *See Madison v. Groseth*, 279 P.3d 633, 637 (Ariz. Ct. App. 2012) (holding that, pursuant to A.R.S. § 33-811(C), plaintiff waived her claims against the foreclosure sale purchasers for conversion, fraud/deceit, and trespass by failing to obtain injunction of foreclosure sale because plaintiff had notice of the trustee's sale); *see also Morgan AZ Fin., L.L.C. v. Gotses*, 326 P.3d 288, 290–91 (Ariz. Ct. App. 2014) ("Under A.R.S. § 33–811(C), a trustor who fails to enjoin a trustee's sale waives his claims to title of the property upon the sale's completion, . . . and also waives any claims that are dependent on the sale[.]") (citations omitted).

- 7 -

Here, Plaintiff filed the present action on the same day of the Trustee's Sale, seeking an emergency injunction to prevent the Trustee's Sale of the Property. (Doc. 1-3 at 4, 10 (demanding relief in the form of an emergency injunction to "stop the imminent foreclosure of the family home using forged and fraudulent docs [sic]")). Plaintiff nowhere asserts that he failed to receive notice of the Trustee's Sale, or that the notice he received was inadequate. Interestingly, Plaintiff's Amended Response even appears to concede that Plaintiff knew about the Trustee's Sale, and notes that Plaintiff contacted Chase prior to the Trustee Sale in an attempt to keep the sale from happening. (*See* Doc. 13 at 4–5 ("We first telephoned Chase Bank in Feb-Mar of 2018. . . . Despite giving Chase all of the information we had at the time, (clearly showing the signatures were fakes) Chase Bank has continued to pursue this illegal foreclosure.")). Further, as noted by Defendant, Plaintiff knew about the noticed Trustee's Sale because he attempted to file this lawsuit, as well as a bankruptcy action on behalf of his late father, to prevent the sale. (Docs. 7 at 3–4; 12 at 2). Indeed, the Bankruptcy Court explicitly found that the filing of the Bankruptcy petition in June 2018 "was part of a scheme to delay, hinder, and defraud Chase in an attempt to prevent Chase from conducting a foreclosure of the real property located at 2340 South Standage, Mesa, Arizona, 85202," and determined that Chase was entitled to foreclose on the property. (Doc. 7 at 3; *see* 2:18-bk-07636, Doc. 38 at 1–2 ("Chase is authorized to enforce its valid legal rights and remedies with respect to the Property, including, without limitation, to conduct and complete a foreclosure sale of the Property.")).

Plaintiff's Amended Response (Doc. 13) fails to show how the Complaint is not barred by § 33-811(C). As Plaintiff failed to obtain a court order granting injunctive relief by 5:00 p.m. the day before the Trustee Sale, he waived all defenses and objections to the Trustee Sale pursuant to § 33-811(C). *See Yares v. La Salle Bank Nat. Ass'n*, No. CV 10-2575-PHX-JAT, 2012 WL 161158, at *3 (D. Ariz. Jan. 19, 2012). Because § 33-811(C) bars Plaintiff's foreclosure challenge, the Court finds that Plaintiff fails to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). *See Zubia v. Shapiro*, 408 P.3d 1248, 1250–53 (Ariz. 2018) (affirming dismissal of plaintiff's claims alleging forged loan

documents because such claims were barred by A.R.S. § 33-811(C) since plaintiff failed to receive an injunction prior to the sale). Therefore, the Court grants Defendant's Motion to Dismiss.

Plaintiff's Amended Response requests that in the event the Court determines that Plaintiff has failed to state a claim, the Court alternatively grant Plaintiff leave to amend his Complaint. (Doc. 13 at 11). Nevertheless, amendment to Plaintiff's Complaint will not cure the failure to obtain injunctive relief prior to the Trustee Sale. Accordingly, the Court will not grant Plaintiff leave to amend the Complaint. *See Yares*, 2012 WL 161158, at *4; *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) ("Futility of amendment can, by itself, justify the denial of a motion for leave to amend."); *see also Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.") (citation omitted).

### B. <u>Plaintiff Failed to Plead Forgery with Particularity</u>

Defendant next contends that Plaintiff's Complaint should be dismissed because Plaintiff failed to plead forgery with particularity. (Doc. 7 at 5). Fed. R. Civ. P. 9(b) requires that a party alleging fraud "state with particularity the circumstances constituting fraud[.]" In order to satisfy this Rule, "the circumstances constituting the alleged fraud [must] be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotations and citation omitted). "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (citation omitted). However, "mere conclusory allegations of fraud are insufficient." *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 540 (9th Cir. 1989). "When an entire complaint, or an entire claim within a complaint, is grounded in fraud and its allegations fail to satisfy the heightened pleading requirements of Rule 9(b), a district court may dismiss the complaint or claim." *Vess*, 317 F.3d at 1107.

The Court has reviewed Plaintiff's Complaint, and finds that it fails to plead fraud with the particularity required under Rule 9(b). Plaintiff offers nothing more than "mere conclusory allegations of fraud" which are insufficient to meet Rule 9(b)'s heightened standard. *Moore*, 885 F.2d at 540. Plaintiff merely states that the signatures of Q. Tezak and Betty Tezak on the Deed of Trust are "forged," but does not assert who forged the signatures, or even when or where or how.[4] Indeed, as Defendant points out, "it is not even clear whether Plaintiff asserts that Chase caused the forgery." (Doc. 7 at 5). Further, Plaintiff's allegation in the Complaint that the "notary public who notarized the forged signatures on the loan docs [sic] is also fraudulent" (Doc. 1-3 at 8) is also conclusory, and fails to set forth "the time, place, and specific content of the false representations as well as the identities of the parties to the representation." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). Moreoer, the Complaint in this action is brought by Robert J. Tezak on behalf of the "Tezak Trust dated April 11, 2014," (Doc. 1-3 at 3), but the quitclaim deed from Q. Tezak (while alive) was to the "Quentin R. Tezak irrevocable trust dated April 9, 2014." (Doc. 7-1 at 13). Accordingly, the Complaint fails to identify "the circumstances of the alleged fraud so that defendants can prepare an adequate answer." *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997) (citation omitted). Because this defect is incurable, as discussed above, the Court will not grant Plaintiff leave to amend. *Bonin*, 59 F.3d at 845; *Doe*, 58 F.3d at 497.

### C. Robert Tezak Does Not Have Authority to Represent the Trust

Finally, Defendant contends that Plaintiff's Complaint must be dismissed because Robert J. Tezak cannot, as a non-attorney, represent Plaintiff, the Quentin R Tezak Irrevocable Living Trust dated April 11th 2014. (Doc. 7 at 6). "Although a non-attorney may appear *in propria persona* on his own behalf, that privilege is personal to him," and

---

[4] Defendant also argues that because Plaintiff's forgery accusations "contradict the statements in the Bankruptcy regarding Chase being a creditor secured by the Property[,]" the Court "can disregard allegations to the contrary." (Doc. 7 at 5 (citing 2:18-bk-07636-EPB, Doc. 10 at 1–2, 14 (bankruptcy schedules filed by Q. Tezak))). "Statements in bankruptcy schedules are executed under penalty of perjury and when offered against a debtor are eligible for treatment as judicial admissions." *In re Bohrer*, 266 B.R. 200, 201 (Bankr. N.D. Cal. 2001).

"[h]e has no authority to appear as an attorney for [anyone] other[] than himself." *C.E. Pope Equity Tr. v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) (affirming the district court's dismissal of the complaint without prejudice because a nonlawyer trustee may not appear *in propria persona* on behalf of a trust). Therefore, because Robert J. Tezak is not an attorney, he may not represent Plaintiff, the Quentin R Tezak Irrevocable Living Trust April 11th 2014, in any capacity in this Court. *See United States v. Stepard*, 876 F. Supp. 214, 215 (D. Ariz. 1994); *see also* Ariz. R. Sup. Ct. 31(b) ("[N]o person shall practice law in this state or represent in any way that he or she may practice law in this state unless the person is an active member of the state bar.").

To the extent that Robert J. Tezak brings this suit on his own behalf, the Court agrees with Defendant that "he fails to establish how he would have any standing as he did not possess title to the Property nor does he establish any other connection between himself and the Deed of Trust." (Doc. 7 at 6). There is no indication that Robert J. Tezak was a party to any of the loan documents or deed of trust discussed in this litigation. Rather, the chain of title clearly demonstrates that Betty Tezak and Q. Tezak executed a Deed of Trust giving Chase a lien in the Property, (Doc. 7-1 at 2–11), and later quitclaimed the Property to the Quentin R. Tezak Irrevocable Trust dated April 9, 2014, (Doc. 7-1 at 13–14). Thereafter, the Property was sold at a Trustee's Sale to a third-party. (Doc. 7-1 at 22–24). At no point has Robert J. Tezak held legal title to the Property.

### D. <u>Defendant Quality Loan is Similarly Situated to Chase</u>

As noted above, Defendant Quality Loan has not appeared in this case, and thus has not filed a motion to dismiss the claims against them. Although it appears that Plaintiff failed to timely serve Quality Loan, the Court will not dismiss this case against Quality Loan for failure to serve pursuant to Fed. R. Civ. P. 4(m) or failure to prosecute under Fed. R. Civ. P. 41(b), both of which are implicated by Plaintiff's lack of diligence. However, the Court nonetheless finds dismissal as to Quality Loan proper. Dismissal against a non-moving Defendant is appropriate, where, as here, the non-responding Defendant is in a position similar to the moving Defendant. *See Abagninin v. AMVAC*

*Chem. Corp.*, 545 F.3d 733, 743 (9th Cir.2008) ("A [d]istrict [c]ourt may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants.") (internal citations omitted). Pursuant to A.R.S. § 33-811(C), Plaintiff waived its claims by failing to obtain injunctive relief prior to the Trustee Sale. This waiver applies equally to all claims, regardless as to which Defendants they are asserted against. *Yares*, 2012 WL 161158, at *5. As Quality Loan is similarly situated to Chase, and the allegations against Quality Loan also fail to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), all claims against Quality Loan are dismissed.

## V. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Chase's Motion to Dismiss (Doc. 7) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED WITH PREJUDICE** as to all Defendants. The Clerk of the Court shall enter judgment for Defendants Chase and Quality Loan accordingly.

Dated this 9th day of April, 2019.

James A. Teilborg
Senior United States District Judge